UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GABRIEL GRIFFIN, on behalf of himself as well as on behalf of his infant G.G. Jr., as natural parent and guardian as well as next friend,<br><br>Plaintiff,<br>v.<br><br>JUDGE ELLEN BROSTROM, et al.,<br><br>Defendants. | Case No. 11-CV-870-JPS<br><br><br>ORDER |

On September 15, 2011, *pro se* plaintiff Gabriel Griffin ("Griffin"), on behalf of himself and his infant son, G.G., filed suit claiming that state, county, and city officials violated his and his son's civil rights. Griffin seeks declaratory and injunctive relief as well as monetary damages. (Docket #1). The defendants include the Milwaukee County Circuit Court, Circuit Court Judge Ellen Brostrom ("Brostrom"), Assistant District Attorneys Matthew Torbenson ("Torbenson"), Peter Tempelis ("Tempelis"), and Nicolas Heitman ("Heitman"), four City of Milwaukee police officers, Detective Mary Schmitz, Jane and/or John Doe assistant district attorneys and police officers, a Jane Doe court reporter, other Jane and/or John Does, and unknown third parties who acted in collusion with the defendants.

On October 3, 2011, state defendants Brostrom, Torbenson, Tempelis, Heitman, and the Milwaukee County Circuit Court filed a motion to dismiss the complaint. (Docket #2). The other named defendants have yet to respond to the complaint. The motion seeks dismissal of Griffin's complaint because

of lack of personal jurisdiction due to insufficient service of process as well as judicial and prosecutorial immunity.

Federal Rule of Civil Procedure 12(b)(5) provides for the filing of a motion challenging sufficiency of process. Once a defendant has challenged service of process, the plaintiff bears the burden of proving that service was proper. *See Claus v. Mize,* 317 F.3d 725, 727 (7th Cir. 2003). Service of process is governed by Federal Rule of Civil Procedure 4. The Rule provides that the summons and complaint must be served upon a defendant (unless service is waived) in one of the ways specified in the Rule, and it must be served within 120 days of the filing of a complaint.

In the case of the individual state defendants, service must be accomplished by a person who is at least 18 years old and by either following state law on service (in this case Wisconsin law),[1] by delivering a copy of the summons and complaint to the individual personally, by leaving a copy of each at the individual's dwelling or usual place of abode on a person of suitable age and discretion who resides there, or by delivering copies to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. Pro. 4(c)(2) and 4(e). As for the Milwaukee County Circuit Court – a state agency – service can be accomplished by delivering copies of the summons and complaint to its chief executive officer or by service in a manner prescribed by Wisconsin law – here, service on the attorney general or leaving copies at the attorney general's office in the capitol with an

---

[1]In Wisconsin, personal jurisdiction over a natural person requires personal service on that person or, if the person cannot be served personally with reasonable diligence, leaving a copy at the person's usual place of abode. Wis. Stat. § 801.11(1)(a)-(b).

assistant or clerk. Wis. Stat. § 801.11(3). Moreover, Rule 4(l) provides that proof of service must be made to the Court unless service is waived.

Here, there is no indication that service was waived by any defendant. Neither has the plaintiff filed affidavits with the court as proof of service – not only as to the state defendants, but as to all other defendants as well. Moreover, the individual state defendants – Brostrom, Torbenson, Tempelis, and Heitman – claim they were not personally served with the summons and complaint, nor did Griffin serve them at their dwelling or usual place of abode. Instead, copies of the summons and complaint were left at their offices. Additionally, the Milwaukee County Circuit Court contends that neither its chief executive officer nor the attorney general was served with a summons or complaint. Such service of process (or lack thereof) is clearly insufficient and does not provide this court with personal jurisdiction over the individual state defendants or the Milwaukee County Circuit Court. Technically, Griffin still has time under Federal Rule 4(m) to serve the state defendants – in this case, until January 13, 2012. However, because the court finds there are other bases upon which to dismiss the plaintiff's complaint against the state defendants, it is not necessary to stay its decision in this regard.

First, sovereign immunity bars an action against a state agency where, as here, it is clear that the state has not waived its immunity nor has Congress overridden it. *See Kroll v. Board of Trustees of Univ. of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991) (a "state agency is the state for purposes of the Eleventh Amendment."). Thus, to the extent Griffin is alleging claims against the Milwaukee County Circuit Court and the individual state defendants in their official capacities, these claims are barred by the Eleventh Amendment.

Case 2:11-cv-00870-JPS   Filed 11/28/11   Page 3 of 4   Document 6

Moreover, Griffin's claims against the judge and the assistant district attorneys involve judicial and prosecutorial actions, so these defendants are absolutely immune from suit. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Imbler v. Pachtman*, 424 U.S. 409, 422-428, 430 (1976). Accordingly, the court will grant the state defendants' motion to dismiss, and it will dismiss the plaintiff's claims against the state defendants with prejudice.

As for the remaining named defendants in this case, if it is clear that the plaintiff has failed to serve them with a summons and a copy of the complaint by January 13, 2012, the court will dismiss the action without prejudice against those defendants, unless the plaintiff can show good cause for the failure. Fed.R.Civ.P. 4(m). The court reminds the plaintiff that proof of service, by way of an affidavit, must be filed with the court, unless service is waived.

Accordingly,

IT IS ORDERED that the state defendants' motion to dismiss (Docket #2) be and the same is hereby GRANTED; and

IT IS FURTHER ORDERED that all claims against state defendants Ellen Bromstrom, Nicolas Heitman, Milwaukee County Circuit Court, Peter M. Tempelis and Matthew Torbenson be and the same are hereby DISMISSED with prejudice.

Dated at Milwaukee, Wisconsin, this 28th day of November, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge