GABRIEL GRIFFIN, on behalf of himself
as well as on behalf of his infant G.G. Jr.,
as natural parent and guardian as well as
next friend,

Case No. 11-CV-870-JPS

Plaintiff,

v.

ASSISTANT DISTRICT ATTORNEY
JOHN AND/OR JANE DOE,
RONALD VILLAGOMEZ,
KEITH GARLAND, JR.,
JOHN LUEBBE, JR., HOWARD JOPLIN,
POLICE OFFICER(S) JANE AND/OR
JOHN DOE(S),
DETECTIVE MARY SCHMITZ,
COURT REPORTER JANE DOE(S),
JOHN DOES, and JANE DOES

ORDER

Defendants.

On September 15, 2011, *pro se* plaintiff Gabriel Griffin ("Griffin"), on behalf of himself and his infant son, G.G., filed suit claiming that state, county, and city officials violated his and his son's civil rights. Griffin seeks declaratory and injunctive relief as well as monetary damages. (Docket #1). The defendants include the Milwaukee County Circuit Court, Circuit Court Judge Ellen Brostrom ("Brostrom"), Assistant District Attorneys Matthew Torbenson ("Torbenson"), Peter Tempelis ("Tempelis"), and Nicolas Heitman ("Heitman"), four City of Milwaukee police officers, Detective Mary Schmitz, Jane and/or John Doe assistant district attorneys and police officers, a Jane

Doe court reporter, other Jane and/or John Does, and unknown third parties who acted in collusion with the defendants.

On October 3, 2011, state defendants Brostrom, Torbenson, Tempelis, Heitman, and the Milwaukee County Circuit Court filed a motion to dismiss the complaint. (Docket #2). The motion sought dismissal of Griffin's complaint because of lack of personal jurisdiction due to insufficient service of process as well as judicial and prosecutorial immunity. On November 28, 2011, the court granted the state defendants' motion to dismiss, finding insufficient service of process and, thus, lack of personal jurisdiction over the defendants. (Docket #6). However, this order was admittedly premature, as Federal Rule of Civil Procedure 4(m) gave Griffin until January 13, 2012, to properly serve the defendants and provide the court with proof of service. In fact, on January 12, 2012, Griffin filed an affidavit attesting that all defendants in this case, including the state defendants, were served with a copy of the summons and complaint. (Docket #9).

Moreover, on December 19, 2011, Griffin filed a motion for relief from judgment and a motion to disqualify this judge. (Docket #7). In this first motion, Griffin argues that the court should have allowed him until January 13, 2012, to effectuate service of process. In light of the plaintiff's affidavit attesting to service of process on the state defendants, the court will grant the plaintiff's motion for relief from its November 28, 2011 order to the extent it dismissed Griffin's claims against the state defendants for lack of personal jurisdiction. However, that said, in the same order, the court noted that there were other bases upon which to dismiss the plaintiff's complaint against the state defendants – namely, judicial and prosecutorial immunity. Griffin argues that the court did not have the authority to dismiss his complaint on

the merits where it lacked personal jurisdiction over the defendants. While this may be the case, the court did not technically dismiss Griffin's claims on immunity grounds, but simply noted the futility of these claims against the state defendants, even in the event that Griffin properly effectuated service of process. Assuming the state defendants were properly served with copies of the summons and complaint within the time prescribed by the Federal Rules of Civil Procedure – which it now appears they were – then, the court has personal jurisdiction over these defendants. Thus, the court is now within its authority to find that, to the extent Griffin is alleging claims against the Milwaukee County Circuit Court and the individual state defendants in their official capacities, these claims are barred by the Eleventh Amendment. Moreover, Griffin's claims against the judge and the assistant district attorneys involve judicial and prosecutorial actions, so these defendants are absolutely immune from suit. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Imbler v. Pachtman*, 424 U.S. 409, 422-428, 430 (1976). Accordingly, though the court will grant Griffin's motion for relief from the November 28, 2011 order with regard to its dismissal of his claims against the state defendants for insufficient service of process, these claims should remain dismissed because they fail on immunity grounds. The court will also deny plaintiff's motion to disqualify this judge based on allegations of partiality. Plaintiff contends that the court's failure to comply with the Federal Rules of Civil Procedure is evidence of partiality. This court disagrees. At most, the failure was an oversight which the court has corrected at the plaintiff's request.

Accordingly,

IT IS ORDERED that plaintiff's motion for relief from court order (Docket #7) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that plaintiff's motion to disqualify judge (Docket #7) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that all claims against state defendants Ellen Bromstrom, Nicolas Heitman, Milwaukee County Circuit Court, Peter M. Tempelis and Matthew Torbenson be and the same shall hereby remain DISMISSED with prejudice.

Dated at Milwaukee, Wisconsin, this 15th day of February, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge